```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

MARIA LOPEZ,                          §
                                      §
    Plaintiff,                       §
                                      §
v.                                    §     Civil Action No. H-09-789
                                      §
OM FINANCIAL LIFE INSURANCE           §
COMPANY, FIDELITY AND GUARANTY        §
LIFE INSURANCE COMPANY and            §
ALISIA SANCHEZ,                       §
                                      §
    Defendants.                      §

### MEMORANDUM OPINION

Pending before the court[1] is Defendant Alisia Sanchez's Motion to Dismiss (Docket Entry No. 5). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the motion is **GRANTED.**

### I.  Case Background

#### A.  Factual History

In May 2001, Julian Lopez ("Lopez") purchased a term life insurance policy through Defendant Alisia Sanchez ("Sanchez"), an authorized agent of Defendants OM Financial Life Insurance Company and Fidelity and Guaranty Life Insurance Company ("OM Financial").[2]

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Docket Entry Nos. 13, 14, 17, 18.

[2] See Notice of Removal, Docket Entry No. 1, Ex. A, Declaration of Cynthia Maskol. In her declaration, Maskol averred that Fidelity Guaranty Life Insurance Company is now known as OM Financial Life Insurance Company. Accordingly, the court will refer to the Defendant insurer as OM Financial.

On February 21, 2007, Lopez, the insured, died of natural causes.[3] Plaintiff alleges that at the time of Lopez's death, the policy was in full force and effect and claims that Defendants wrongfully refused to pay Plaintiff, the beneficiary, the $100,000 death benefit.[4] Defendant OM Financial avers that the policy lapsed for nonpayment of premium on December 5, 2006.[5]

**B.   Procedural History**

On February 2, 2009, Plaintiff filed the present lawsuit in state court seeking to recover benefits under Lopez's insurance policy.[6] In her petition, Plaintiff alleged that Defendants OM Financial and Sanchez violated the Texas Deceptive Trade Practices Act - Consumer Protection Act, Texas Business and Commerce Code, Ch. 17.41, et seq. ("TDTPA"), when they failed to promptly pay her claim on the policy and when they failed to provide her with a reasonable explanation for the denial of her claim.  Plaintiff also sued OM Financial and Sanchez for breach of the contract based on their failure to pay the death benefit.

---

[3]     Notice of Removal, Docket Entry No. 1, Ex. 3, Plaintiff's Original Petition, p. 5.

[4]     Id.

[5]     Notice of Removal, Docket Entry No. 1, Ex. A, Declaration of Cynthia Maskol.

[6]     Notice of Removal, Docket Entry No. 1, Exhibit 3, Plaintiff's Original Petition, p. 1.

On March 13, 2009, OM Financial answered Plaintiff's petition[7] and on March 17, 2009, OM Financial removed this action to federal court.[8]  In the Notice of Removal, OM Financial averred that Sanchez, a Texas resident, was improperly joined as a party and that diversity of citizenship existed between Plaintiff and itself.

On April 15, 2009, Defendant Sanchez filed a motion to dismiss for failure to state a claim, or, in the alternative, for a more definite statement.[9]  On May 5, 2009, Plaintiff responded to Defendant Sanchez's motion.[10]  On May 6, 2009, Sanchez filed a reply to Plaintiff's response.[11]  On May 26, 2009, Plaintiff was granted leave to file an amended complaint.[12]  On May 28, 2009, Plaintiff filed an amended complaint against both defendants.[13]  This court now considers Defendant Sanchez's motion to dismiss.

## II.  Dismissal Standard

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a

---

[7]   Notice of Removal, Docket Entry No. 1, Exhibit 5.

[8]   Notice of Removal, Docket Entry No. 1.

[9]   Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement, Docket Entry No. 5.

[10]   Plaintiff's Response to Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement, Docket Entry No. 7.

[11]   Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement, Docket Entry No. 11.

[12]   *See* Order, Docket Entry No. 15.

[13]   Plaintiff's First Amended Complaint, Docket Entry No. 16.

claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pled facts.  See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

A complaint need not contain "detailed factual allegations," but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  See Bell Atl. Corp. v. Twombly, 550 U.S. 545, 555 (2007); see also In re Katrina Canal Breaches Litig., 495 F.3d at 205.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp., 550 U.S. at 555.  "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Id. at 556 (internal quotation marks omitted).

### III.  Analysis

Defendant Sanchez argues that Plaintiff's claims arising under the TDTPA must fail because Sanchez did not misrepresent any specific policy term.[14]  Defendant Sanchez also argues that as a disclosed agent for a disclosed principal she cannot be personally liable for a breach of contract by the principal.

---

[14] Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement, Docket Entry No. 5.

4

**A. TDTPA**

The TDTPA was created to "protect consumers against false, misleading, and deceptive business practices." Tex. Bus. & Com. Code Ann. § 17.44. Texas courts permit a cause of action against an insurance agent when that agent engages in unfair or deceptive acts. Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). However, for liability to attach, the agent must "[misrepresent] specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually [must cause] the insured to incur damages." Id.

In the state court petition, Plaintiff vaguely alleges that Defendant Sanchez "engaged in certain false, misleading and deceptive acts" without providing any factual detail.[15] In her response to Sanchez's motion to dismiss, Plaintiff fails to identify a specific policy term that Sanchez misrepresented and simply argues that both Defendants' refusal to pay the claim was a deceptive act.[16] Plaintiff fails to distinguish Griggs from the current case or argue other legal authority that would hold an insurance agent personally liable when the insurance company fails to pay a claim. Moreover, in her amended complaint, Plaintiff continues to claim that Defendant Sanchez "made certain false,

---

[15] Notice of Removal, Docket Entry No. 1, Exhibit 3, p. 5.

[16] Plaintiff's Response to Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement, Docket Entry No. 7, p. 2-3.

deceptive, and misleading representations as to the terms of the policy," without citing a specific term that Sanchez allegedly misrepresented, to whom the misrepresentation was addressed and when the misrepresentation was made.[17]

After reviewing the original petition and the amended complaint, the court concludes that Plaintiff's allegations against Sanchez are mere conclusory statements that fail to state a claim for relief under the TDTPA.  See Bell Atl. Corp., 550 U.S. at 555.

### B. Breach of Contract

The elements required for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009)(applying Texas law).  Under the facts alleged, Plaintiff has sufficiently alleged a cause of action against Defendant OM Financial for breach of contract.  However, "a person making a contract with another as an agent for a disclosed principal is not a party to the contract and is not obligated on the contract."  Shank, Irwin, Conant & Williamson v. Durant, Mankoff, Davis, Wolens & Frances, 748 S.W.2d 494, 499 (Tex. App.—Dallas 1998, no writ).

---

[17]  Plaintiff's First Amended Complaint, Docket Entry 16, p. 5.

Plaintiff fails to make any allegation that Sanchez was a party to the insurance contract, thus making her individually liable for obligations contained therein. Accordingly, Plaintiff has failed to state a claim for relief under a breach of contract theory.

## IV. Conclusion

Defendant Sanchez's Motion to Dismiss is **GRANTED** in its entirety. Defendant Sanchez is **DISMISSED** from this suit.

**SIGNED** in Houston, Texas, this 19th day of August, 2009.

Nancy K. Johnson
United States Magistrate Judge